Filing # 86816654 E-Filed 03/22/2019 11:36:36 AM

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☑ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | **CIVIL COVER SHEET** | |

| PLAINTIFF | VS. DEFENDANT | CLOCK IN |
|---|---|---|
| James Eric McDonough | David Mata<br>John Monaco<br>Carlos Garcia<br>Garland Wright<br>City of Homestead | |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☑ Negligence - Other
  ☐ 097 - Business Governance
  ☐ 098 - Business Torts
  ☐ 099 - Environmental/Toxin Tort
  ☐ 100 - Third Party Indemnification
  ☐ 101 - Construction Defect
  ☐ 102 - Mass Tort
  ☐ 103 - Negligent Security
  ☐ 104 - Nursing Home Negligence
  ☐ 105 - Premises Liability - Commercial
  ☐ 106 - Premises Liability - Residential
  ☑ 107 - Negligence - Other
☐ Real Property/Mortgage Foreclosure
  ☐ 108 - Commercial Foreclosure $0 - $50,000
  ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  ☐ 110 - Commercial Foreclosure $250,000 - or more
  ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  ☐ 117 - Other Real Property Actions $0 - $50,000
  ☐ 118 - Other Real Property Actions $50,001 - $249,999

☐ 119 - Other Real Property Actions $250,000 or more
☐ Professional Malpractice
  ☐ 094 - Malpractice - Business
  ☐ 095 - Malpractice - Medical
  ☐ 096 - Malpractice - Other professional
☐ Other
  ☐ 120 - Antitrust/Trade Regulation
  ☐ 121 - Business Transactions
  ☐ 122 - Constitutional Challenge - Statute or Ordinance
  ☐ 123 - Constitutional Challenge - Proposed amendment
  ☐ 124 - Corporate Trust
  ☐ 125 - Discrimination - Employment or Other
  ☐ 126 - Insurance Claims
  ☐ 127 - Intellectual Property
  ☐ 128 - Libel/Slander
  ☐ 129 - Shareholder Derivative Action
  ☐ 130 - Securities Litigation
  ☐ 131 - Trade Secrets
  ☐ 132 - Trust Litigation
☐ 133 - Other Civil Complaint
  ☐ 009 - Bond Estreature
  ☐ 014 - Replevin
  ☐ 024 - Witness Protection
  ☐ 080 - Declaratory Judgment
  ☐ 081 - Injunctive Relief
  ☐ 082 - Equitable Relief
  ☐ 083 - Construction Lien
  ☐ 084 - Petition for Adversary Preliminary Hearing
  ☐ 085 - Civil Forfeiture
  ☐ 086 - Voluntary Binding Arbitration
  ☐ 087 - Personal Injury Protection (PIP)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

REMEDIES SOUGHT (check all that apply):

☒  monetary;

☐  non-monetary declaratory or injunctive relief;

☒  punitive

NUMBER OF CAUSES OF ACTION: (9)
(specify)  *False Imprisonment, False Arrest - 2 counts, 6 count of Violation of 42 USC 1983*

IS THIS CASE A CLASS ACTION LAWSUIT?

☐  Yes

☒  No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☒  No

☐  Yes    If "Yes", list all related cases by name, case number, and court.

_____

_____

_____

IS JURY TRIAL DEMANDED IN COMPLAINT?

☒  Yes

☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____        Florida Bar # _____23287_____
                    Attorney or party                                                        (Bar # if attorney)

_____Alan Carpenter_____                               _____3/22/19_____
(type or print name)                                              Date

Filing # 87033526 E-Filed 03/27/2019 11:29:29 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY

DR. JAMES ERIC McDONOUGH,

        Plaintiff,

vs.

DAVID MATA, JOHN MONACO,
CARLOS GARCIA, GARLAND WRIGHT,
individually, and the CITY OF HOMESTEAD,
a political subdivision of the State of Florida,

        Defendants.

_____/

GENERAL JURISDICTION
DIVISION

Case No.: 19 – 0886 – CA–01

**CIVIL ACTION SUMMONS**

**STATE OF FLORIDA:**

**To All and Singular Sheriffs of said State:**

***YOU ARE HEREBY COMMANDED*** to serve this Summons and a copy of the Complaint in
this action on Defendant:

        David Mata
        Homestead Police Department
        45 NW. 1st Ave.
        Homestead, Fl. 33030

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on
you to file a written response to the attached complaint with the clerk of this court. A phone call
will not protect you. Your written response, including the case number given above and the
names of the parties, must be filed if you want the court to hear your side of the case. If you do
not file your response on time, you may lose the case, and your wages, money, and property may
thereafter be taken without further warning from the court. There are other legal requirements.

You may want to call an attorney right away. If you do not know an attorney, you may call an
attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, send the original to the Court, located at the
Miami-Dade County Courthouse, 73 W. Flagler St., Miami, FL 33130. Each Defendant is
required to serve written defenses to the Complaint to Plaintiff's attorney, who is Alan
Greenstein, at 9200 S Dadeland Blvd., Suite 308, Miami, Fl. 33156.

HARVEY RUVIN
CLERK OF COURT

HOMESTEAD POLICE DEPT.
RECORDS

APR 1 6 2019

**RECEIVED**

By: _____     DATE: __4/5/2019__
DEPUTY CLERK

(COURT SEAL)


## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 30 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.

Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff" (Demandante o Abogado del Demandante).


## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 30 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.

Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff" (Plaignant ou a son avocat) nomme ci-dessous.

2

Filing # 87033526 E-Filed 03/27/2019 11:29:29 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY

DR. JAMES ERIC McDONOUGH,

       Plaintiff,

vs.

DAVID MATA, JOHN MONACO,
CARLOS GARCIA, GARLAND WRIGHT,
individually, and the CITY OF HOMESTEAD,
a political subdivision of the State of Florida,

       Defendants.

_____/

GENERAL JURISDICTION
DIVISION

Case No.:   2019-008886-CA-01

**CIVIL ACTION SUMMONS**

**STATE OF FLORIDA:**

**To All and Singular Sheriffs of said State:**

*YOU ARE HEREBY COMMANDED* to serve this Summons and a copy of the Complaint in
this action on Defendant:

               Carlos Garcia
               Homestead Police Department
               45 NW. 1st Ave.
               Homestead, Fl. 33030

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on
you to file a written response to the attached complaint with the clerk of this court. A phone call
will not protect you. Your written response, including the case number given above and the
names of the parties, must be filed if you want the court to hear your side of the case. If you do
not file your response on time, you may lose the case, and your wages, money, and property may
thereafter be taken without further warning from the court. There are other legal requirements.

You may want to call an attorney right away. If you do not know an attorney, you may call an
attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, send the original to the Court, located at the
Miami-Dade County Courthouse, 73 W. Flagler St., Miami, Fl. 33130. Each Defendant is
required to serve written defenses to the Complaint on Plaintiff's Attorney, who is Alan
Greenstein, at 9200 S Dadeland Blvd., Suite 308, Miami, Fl. 33156.

HARVEY RUVIN
CLERK OF COURT

HOMESTEAD POLICE DEPT.
RECORDS

APR 1 6 2019

RECEIVED

By: _____                    DATE: __4/5/2019__

**DEPUTY CLERK**

(COURT SEAL)


## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 30 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.

Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff" (Demandante o Abogado del Demandante).


## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 30 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.

Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff" (Plaignant ou a son avocat) nomme ci-dessous.

2

Filing # 87033526 E-Filed 03/27/2019 11:29:29 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY

DR. JAMES ERIC McDONOUGH,

     Plaintiff,

vs.

     **GENERAL JURISDICTION
DIVISION**

     Case No.: 19 – 8886 –CA-01

DAVID MATA, JOHN MONACO,
CARLOS GARCIA, GARLAND WRIGHT,
individually, and the CITY OF HOMESTEAD,
a political subdivision of the State of Florida,

     **CIVIL ACTION SUMMONS**

     Defendants.

_____/

**STATE OF FLORIDA:**

**To All and Singular Sheriffs of said State:**

***YOU ARE HEREBY COMMANDED*** to serve this Summons and a copy of the Complaint in
this action on Defendant:

     Garland Wright
     Homestead Police Department
     45 NW. 1st Ave.
     Homestead, Fl. 33030

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on
you to file a written response to the attached complaint with the clerk of this court. A phone call
will not protect you. Your written response, including the case number given above and the
names of the parties, must be filed if you want the court to hear your side of the case. If you do
not file your response on time, you may lose the case, and your wages, money, and property may
thereafter be taken without further warning from the court. There are other legal requirements.

You may want to call an attorney right away. If you do not know an attorney, you may call an
attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, send the original to the Court, located at the
Miami-Dade County Courthouse, 73 W. Flagler St., Miami, Fl. 33130. Each Defendant is
required to serve written defenses to the Complaint to Plaintiff's Attorney, who is Alan
Greenstein, at 9200 S Dadeland Blvd., Suite 308, Miami, Fl.

**HOMESTEAD POLICE DEPT.**
**RECORDS**

**APR 1 6 2019**

**RECEIVED**

HARVEY RUVIN
CLERK OF COURT

By: _____   DATE: 4/5/2019 _____

DEPUTY CLERK

(COURT SEAL)


## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 30 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.

Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff" (Demandante o Abogado del Demandante).


## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 30 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.

Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 87033526 E-Filed 03/27/2019 11:29:29 AM

RECD CITY CLERK DEPT
2019 APR 16 AM 8:37

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
## MIAMI-DADE COUNTY

DR. JAMES ERIC McDONOUGH,

      Plaintiff,

vs.

DAVID MATA, JOHN MONACO,
CARLOS GARCIA, GARLAND WRIGHT,
individually, and the CITY OF HOMESTEAD,
a political subdivision of the State of Florida,

      Defendants.
_____/

**GENERAL JURISDICTION
DIVISION**

Case No.: 19-8886 - CA -01

**CIVIL ACTION SUMMONS**

Monica Herrera
De Leon  8:25 AM  4/16/19
1974

**STATE OF FLORIDA:**
**To All and Singular Sheriffs of said State:**

*YOU ARE HEREBY COMMANDED* to serve this Summons and a copy of the Complaint in this action on Defendant:

      City of Homestead
      100 Civic Court
      Homestead, Fl. 33030

A lawsuit has been filed against you. You have 30 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements.

You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, send the original to the Court, located at the Miami-Dade County Courthouse, 73 W. Flagler St., Miami, Fl. 33130. Each Defendant is required to serve written defenses to the Complaint to Plaintiff's Attorney, who is Alan Greenstein, at 9200 S Dadeland Blvd., Suite 308, Miami, Fl. 33156.

**HARVEY RUVIN**
**CLERK OF COURT**

By: _____

DATE: **4/5/2019** _____

(COURT SEAL)

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 30 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.

Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 30 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.

Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff" (Plaignant ou a son avocat) nomme ci-dessous.

2

Filing # 86816654 E-Filed 03/22/2019 11:36:36 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY

JAMES ERIC McDONOUGH,

        Plaintiff,

vs.

DAVID MATA, JOHN MONACO,
CARLOS GARCIA, GARLAND WRIGHT,
individually, and the CITY OF HOMESTEAD,
a political subdivision of the State of Florida,

        Defendants.
_____/

GENERAL JURISDICTION
DIVISION

Case No.:

## COMPLAINT

### Jurisdiction and Venue

1.     This is an action for damages in excess of $15,000.00, exclusive of costs and interest, and a civil rights claim pursuant to 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution.

2.     Venue properly lies in Miami-Dade County as the incident in question occurred in the city of Homestead, Florida.

3.     All conditions precedent to the filing of this action pursuant to §768.26 Florida Statutes have been met.

### Parties

4.     JAMES ERIC McDONOUGH (hereafter "McDONOUGH") was at all material times a resident of Miami-Dade County, Florida and a citizen of the United States.

5.     Defendant CITY OF HOMESTEAD (hereafter "HOMESTEAD") is a municipal corporation and political subdivision of the State of Florida. HOMESTEAD's governing body is its City Council in which is vested final policy-making authority for the city.

6. Defendant GARLAND WRIGHT was at all material times a police officer with the City of Homestead acting under color of state law and is being sued in his individual capacity.

7. Defendant JOHN MONACO was at all material times a police officer with the City of Homestead acting under color of state law and is being sued in his individual capacity.

8. Defendant DAVID MATA was at all material times a police officer with the City of Homestead acting under color of state law and is being sued in his individual capacity.

9. Defendant CARLOS GARCIA was at all material times a police officer with the City of Homestead acting under color of state law and is being sued in his individual capacity.

### Statement of Facts

### July 2016 Removal from Council Meeting

10. The Homestead City Council meets once a month in the Council Chambers at Homestead City Hall to conduct city business. A portion of each meeting is set aside for public comment during which members of the public are invited to speak directly to the Mayor and City Council on any matters of public interest about which the member wishes to speak.

11. Members of the public are invited to speak for three minutes during the public comment section of the meetings.

12. McDONOUGH would come to City Council meetings to speak on matters that he felt were of importance to HOMESTEAD.

13. On July 27, 2016, McDONOUGH once again attended and spoke during public-comment at that date's City Council meeting. Posted at the top of the agenda for that meeting was a Decorum Policy enacted by the Homestead City Council, setting forth procedures regarding the conduct of persons who appear before that body. That posting stated in its entirety the following:

> DECORUM POLICY:
> Any person making impertinent or slanderous remarks, or who becomes boisterous while addressing the council, shall be barred from further audience before the council by the Mayor, unless permission to continue or again address the council

2

be granted by the majority vote of the council members present. No clapping, applauding, heckling or verbal outbursts in support or opposition to a speaker or his or her remarks shall be permitted. No signs or placards which may harm or obstruct the view of others shall be allowed in the council chambers. Persons exiting the council chambers shall do so quietly.

14.     That Policy (hereafter the July 27th Decorum Policy") contained two noteworthy omissions:

(a)   While asserting that "making impertinent...remarks" or "becom[ing] boisterous" constituted grounds for "the Mayor" to "bar[...]" a speaker "from further audience before the council," it provided no definition of "impertinent remarks" or "boisterous" behavior; and

(b)   It failed to set forth any procedure[s] as to when, how or on what basis a "barred" speaker could seek to obtain a "majority vote of the council members present" granting him "permission to . . . again address the council" at some time in the future.

15.     The July 27th Decorum Policy was the same Policy that was posted at the top of the agenda for every Homestead City Council meeting held during the year 2016, except for the November, 2016 meeting.

16.     Four months earlier, on April 20, 2016, the City Council had approved a resolution "enacting revised comprehensive council meeting and agenda procedures" (Resolution No. R2016-04-42) (hereafter "the revised Resolution") to "supersede and replace all previous Resolutions regarding Council meeting procedures." Under a section headed "City Council Meetings," the revised Resolution deleted the language contained in the July 27th Decorum Policy and, in its stead, set forth the following:

Rules of Decorum:

In order to ensure that meetings of the City Council may be conducted in a manner that allows the business of the City to be effectively administered the following rules of decorum shall be followed at all meetings of the City Council:
(a) No individual shall make slanderous or unduly repetitive remarks or engage in any other form of behavior that disrupts or impedes the orderly conduct of the meeting as determined by the Mayor and or Sergeant at Arms.

3

(b) No clapping applauding heckling or verbal outbursts in support or opposition to a speaker or his or her remarks shall be permitted

(c) No signs or placards shall be permitted in the Council Chambers

(d) Individuals addressing the Mayor and Council must first be recognized by the Mayor and must do so utilizing the designated podium in the Council Chamber No more than one person may address the Council at a time unless specifically permitted by the Mayor. Only those individuals recognized by the Mayor may stand at the podium

(e) No person may stand in or on the isles the well or the dais. Individuals waiting to be recognized shall wait in an area designated by the City

(f) Persons exiting the council chambers shall do so quietly

(g) Any individual determined to have violated the Rules of Decorum as determined by the Mayor or Sergeant at Arms may be required to leave the Council Chambers.

17.     The revised Resolution changed the rules of decorum to be followed at City Council meetings in the following relevant ways:

(a) it eliminated "making impertinent ...remarks'" and "becom[ing] boisterous" as grounds for barring a speaker from addressing the City Council; and

(b) it eliminated the requirement that for a barred speaker "to continue or again address the council" the speaker must obtain "permission...granted by the majority vote of the council members present."

18.     The new rules of decorum set out in the revised Resolution were not posted at the top of the agenda for any City Council meeting until November 16, 2016, when they were posted for the first time under the heading "Decorum Policy." The July 27th decorum policy was again posted on the December, 2016 meeting agenda until it was finally replaced on the January 2017 meeting agenda.

19.     On July 27, 2016, McDONOUGH rose and began to speak, during the public comment section, about issues involving the Homestead Police Department (hereafter "HPD").

20.     During that time he spoke of the accountability of HPD. He: complained that Officer Murguido falsified a police report concerning an individual named Rosemary Brackett; supported bodycams; complained that the Chief of Police had falsified destruction logs;

complained that the Chief had retaliated against a citizen for saying the Chief had committed misconduct in office; complained that there was rampant nepotism within HPD; and finally stated to Councilman Maldonado that if he had something to say to him (McDONOUGH) that he should say it in public and not behind his back.

21. After approximately two and a half minutes had passed, Sergeant GARLAND WRIGHT approached McDONOUGH, stopped his comments, prevented him from speaking further and removed him involuntarily from the council chambers.

22. WRIGHT refused to advise McDONOUGH of the reason for being removed.

23. Once outside the Chambers, in a hallway and walking away, McDONOUGH stated he would sue WRIGHT.

24. In response, WRIGHT chased down McDONOUGH and blocked his egress from the building.

25. While blocking McDONOUGH's egress, WRIGHT requested McDONOUGH to not speak as he had. McDONOUGH then requested that WRIGHT not violate his First Amendment rights, to which WRIGHT responded by threatening to violate McDONOUGH's First Amendment right if McDONOUGH wanted him to.

26. During his comments before the City Council on July 27, 2016, and upon being escorted from the chambers, all of which were captured on video, McDONOUGH did not disrupt or impede the orderly conduct of the meeting or engage in any behavior that could be deemed criminal or in any way support a determination of probable cause to believe, or even reasonable suspicion, that he had committed a crime. Further, McDONOUGH's comments were not impertinent, slanderous, boisterous or unduly repetitive.

27.     Upon being escorted from the City Hall building neither WRIGHT nor any other HPD Officer advised McDONOUGH that he was not allowed to return to City Hall or to speak in front of the City Council.

### August 2016 Trespass Warning and Arrest

28.     On August 23, 2016, McDONOUGH published an article critical of WRIGHT's actions against him at the July 2016 meeting and outlined WRIGHT's constitutional violations.

29.     On August 24, 2016, before the council meeting, WRIGHT along with City Manager George Gretsas, Mayor Jeff Porter, HPD Chief Alexander Rolle, HPD Major Scott Kennedy, City Attorney Matthew Pearl, and unnamed others met in the City Manager's office to discuss, among other things, how to prevent McDONOUGH from speaking at that evening's meeting. They decided that the July 27th decorum policy would be enforced, not the revised Resolution, and that WRIGHT and/or other HPD officers would "trespass" McDONOUGH and prohibit him from entering City Hall and/or speaking at the Council meeting.

30.     On August 24, 2016 McDONOUGH returned to City Hall to speak at the City Council meeting. Immediately upon entering City Hall, McDONOUGH was met by WRIGHT, Detective DAVID MATA and Officer JOHN MONACO and was escorted out of the building.

31.     WRIGHT told McDONOUGH that he was being "trespassed" because of his comments and behavior at the last meeting and that he had to leave the premises of City Hall until he received permission to come back.

32.     When McDONOUGH asked how he could get back in, he was told to write a letter.

33.     McDONOUGH obeyed WRIGHT's order and began walking on the sidewalk of City Hall towards his vehicle when WRIGHT yelled that the trespass included the parking lot too.

34.     While continuing to walk away and without stopping, McDONOUGH raised his left middle finger in the air and said "I'm leaving buddy, bye-bye."

6

35.     Upon observing McDONOUGH's actions, WRIGHT and MONACO followed him.  WRIGHT instructed McDONOUGH to stop and turn around.  McDONOUGH was still walking away from City Hall when WRIGHT ordered him to stop. MONACO placed McDONOUGH in handcuffs while advising that he was being arrested for disorderly conduct.

36.     There were at least three police reports written on the incident: CARLOS GARCIA wrote that there were four female pedestrians in the parking lot and others entering the City Hall building who stop to observe McDONOUGH's breach of the peace; MONACO wrote that at the time of McDONOUGH's actions there was a woman with three children going into City Hall, several people on the steps and approximately ten people in the parking lot; WRIGHT wrote that there were several citizens walking into the building and several citizens in the parking lot area, all who stopped and witnessed McDONOUGH's actions.

37.     This entire episode was captured on video.  At the time there was no one entering City Hall.  There were two women leaving City Hall who did not see what McDONOUGH had done or react to what he said, nor were there any citizens in the parking lot area who noticed McDONOUGH.  It was only the arrest of McDONOUGH by HPD that drew anyone's attention.

38.     The only people that gathered to watch McDONOUGH and the arrest were the approximately twenty (20) HPD Officers who were at City Hall.

39.     At no time did McDONOUGH engage in any action that could be considered a breach of the peace.

40.     Based upon information provided by WRIGHT and MONACO, McDONOUGH was then placed under arrest for trespass after warning by GARCIA.

41.     At no time did McDONOUGH refuse to leave the premises of City Hall once directed to do so by WRIGHT.  The only reason McDONOUGH was prevented from leaving the City Hall premises was due to his arrest for disorderly conduct.

7

42.    MONACO excessively tightened the handcuffs on McDONOUGH and repeatedly twisted them deliberately causing pain to McDONOUGH even though McDONOUGH was fully cooperative.  MONACO also refused to loosen the handcuffs after requests and complaints from McDONOUGH that the handcuffs were cutting off circulation in his left hand.

43.    After discovery was conducted in the criminal case, the charges of disorderly conduct and trespass after warning were eventually dismissed by the Miami-Dade State Attorney.

### September 2016 Arrest

44.    While awaiting trial on the disorderly conduct and trespass charges, McDONOUGH posted comments on a website known as LEO AFFAIRS.

45.    In the posts McDONOUGH made comments about MONACO who was involved and had been a witness to the incident on August 24, 2016.

46.    In the posts, McDONOUGH wrote about MONACO's comments at a previous Council meeting concerning officers wearing body cameras; he warned that any retaliation toward him would be dealt with swiftly, harshly and lawfully; he called MONACO a liar and a coward; he commented about posting MONACO's home address and he posted the YouTube video from a Council meeting when MONACO provided his home address.

47.    MONACO reported this to HPD Internal affairs where the police attempted several undercover calls to entrap McDONOUGH into revealing MONACO's address which they believed to be a violation of Florida Statutes. McDONOUGH refused to reveal the address but did refer the undercover officer to a public YouTube posting.

48.    Based the information provided by MONACO, McDONOUGH was arrested on September 1, 2016 for cyberstalking and tampering with a witness by HPD Detective MATA.

49.    The Miami-Dade State Attorney dismissed both charges finding that McDONOUGH never threatened to take some action if the disorderly conduct/trespass charges

8

343 5648

were pursued. Additionally, there was no cyberstalking that would cause any emotional distress or that served no legitimate purpose.

## COUNTS

**Count I - Violation of the First, Fourth and Fourteenth Amendments to the United States Constitution, Pursuant to 42 U.S.C. §1983**
**(Against Defendant GARLAND WRIGHT, individually, for Suppression of Speech July 27, 2016)**

50.     Plaintiff McDONOUGH realleges and incorporates herein by reference paragraphs 1-49.

51.     This cause of action is brought by McDONOUGH against defendant GARLAND WRIGHT in his individual capacity for deprivation of McDONOUGH's constitutional rights within the meaning of 42 U.S.C. §1983.

52.     The constitutional rights at issue in this count are:

(a)     McDONOUGH's rights under the First Amendment to speak on matters of public interest and petition the government for redress of grievances, and to engage in those constitutionally protected activities during public comment at Homestead City Council meetings without fear of punishment or retaliation against him by any government official for his doing so; and

(b)     McDONOUGH'S rights under the Fourth Amendment to be free from unreasonable seizures, and specifically to be free from physical restraint and detention imposed in response to his exercise of First amendment rights, without any probable cause to believe, or even reasonable suspicion, that he had committed a crime.

53.     McDONOUGH, in speaking on matters of public interest during public comment at the Homestead City Council meeting on July 27, 2016, without disrupting or impeding the orderly conduct of the meeting, was exercising his rights under the First Amendment and was not engaging in any behavior or speech that could be considered impertinent, slanderous, boisterous

or unduly repetitive nor deemed criminal or in any way support a determination of probable cause to believe, or even reasonable suspicion that, he was committing a crime.

54. In direct response to, and to punish and retaliate against, McDONOUGH for his exercise of his First Amendment rights during the July 27, 2016, City Council meeting, Defendant WRIGHT, acting under color of state law, applied the July 27th Decorum Policy, instead of the revised Resolution, to McDONOUGH, so as to physically restrain and detain McDONOUGH and remove him from the Council Chambers and City Hall, in violation of McDONOUGH's Fourth Amendment rights to be free from unreasonable seizures, and

55. As a direct and proximate result of defendant GARLAND WRIGHT's actions, McDONOUGH suffered damages from the denial of his constitutional rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and is accordingly entitled to relief under 42 U.S.C. §1983.

WHEREFORE, MCDONOUGH is entitled to:

    A. Compensatory damages for the physical and mental injuries suffered;

    B. Punitive damages;

    C. Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988; and

    D. Any other remedy the Court deems appropriate.

**Count II – Violation of the First and Fourteenth Amendments to the United States Constitution, Pursuant to 42 U.S.C. §1983**
**(Against HOMESTEAD for enactment and implementation of Policy that Suppresses and Imposes a Prior Restraint on Speech)**

56. Plaintiff McDONOUGH realleges and incorporates herein by reference paragraphs 1-49.

57.     This cause of action is brought by McDONOUGH against Defendant City of HOMESTEAD for deprivation of McDONOUGH's constitutional rights within the meaning of 42 U.S.C. §1983.

58.     The constitutional rights at issue in this count are McDONOUGH's First Amendment rights to speak on matters of public interest and petition the government for redress of grievances, and to engage in those constitutionally protected activities during public comment at Homestead City Council meetings, without having to meet undefined, vague behavioral criteria, and without being subjected to prior restraint.

59.     The Homestead City Council, acting under color of state law, enacted the July 27th, 2016 Decorum Policy at some point in the past, and on or about July 27, 2016, posted that Policy, not the revised Resolution, at the top of the agenda of that date's City Council meeting. In so doing, the City Council was acting pursuant to decisions, customs and policies of defendant HOMESTEAD and as its final policy-making authority.

60.     The July 27th Decorum Policy, on its face, violates the First Amendment rights of any speaker or prospective speaker before the Homestead City Council by:

(a)     expressly conditioning the exercise of those rights on the speaker meeting two behavioral criteria -- (i) not "making impertinent . . . remarks," and (ii) not "becom[ing] boisterous" -- that are not defined in the Policy and are inherently vague; and

(b)     immediately and prospectively "barr[ing]" any speaker determined by the Mayor to have violated the Policy "from further audience before the council" unless the speaker obtains a "majority vote of the council members present" granting him "permission to . . . again address the council" at some time in the future -- a provision that, by authorizing the City Council to deny access to it before the expression occurs, constitutes a prior restraint on the exercise of First Amendment rights.

61.     The enactment and posting of the July 27th Decorum Policy by and through defendant HOMESTEAD's final policy-making authority, *i.e.*, its City Council, constituted deliberate indifference to McDONOUGH's First Amendment rights.

62.     Notwithstanding that the July 27th Decorum Policy had been "supersede[d] and replace[d]" by the revised Resolution enacted by the City Council three months earlier on April 20, 2106, the July 27th Decorum Policy was applied to McDONOUGH on July 27, 2016 and/or August 24, 2016, thereby causing McDONOUGH to be placed under an open-ended trespass order, which, in conjunction with the wording of the July 27th Decorum Policy, prospectively barred McDONOUGH from reappearing and speaking at any Homestead City Council meeting at any time in the future.

63.     The July 27th Decorum Policy, which, by operation of the express terms of that Policy, had the effect of denying McDONOUGH his rights of freedom to speak on matters of public interest and to petition for redress of grievances under the First Amendment when it was:

(a)     determined that McDONOUGH had violated the Policy by having "ma[de] impertinent . . . remarks" and/or having "becom[e] boisterous," when those two behavioral criteria are not defined in the Policy and are inherently vague; and

(b)     McDONOUGH was prospectively barred "from further audience before the council" without advance "permission" from the City Council to reappear before it at some time in the future, which -- because the City Council could deny McDONOUGH that advance permission -- subjected McDONOUGH to prior restraint of exercise of First Amendment rights.

64.     The enactment and posting of the July 27th Decorum Policy, by and through defendant HOMESTEAD's final policy-making authority, *i.e.*, its City Council, was the primary moving force behind the application to McDONOUGH of the July 27th Decorum Policy to deprive McDONOUGH of his First Amendment rights and his subsequent trespass from City Hall.

12

65.     As a direct and proximate result of defendant HOMESTEAD's decisions, customs and policies, McDONOUGH suffered damages from the denial of his constitutional rights under the First and Fourteenth Amendments to the United States Constitution and is accordingly entitled to relief under 42 U.S.C. §1983.

WHEREFORE, McDONOUGH is entitled to:

A.  Compensatory damages for the physical and mental injuries suffered.

B.  Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988; and

C.  Any other remedy the Court deems appropriate.

### Count III - Violation of the Fifth and Fourteenth Amendments to the United States Constitution, Pursuant to 42 U.S.C. §1983 (Against HOMESTEAD for violations of Due Process)

66.     Plaintiff McDONOUGH realleges and incorporates herein by reference paragraphs 1-49.

67.     This cause of action is brought by McDONOUGH against Defendant City of HOMESTEAD for deprivation of McDONOUGH's constitutional rights within the meaning of 42 U.S.C. §1983.

68.     The constitutional rights at issue in this count are McDONOUGH's Fifth Amendment rights not to be deprived of his liberty interest in appearing before the Homestead City Council meetings without being accorded due process of law.

69.     The Homestead City Council, acting under color of state law, having enacted the July 27th Decorum Policy at some point in the past, posted that Policy, not the revised Resolution, at the top of the agenda for the July 27, 2016 meeting of the City Council, notwithstanding that it had been "supersede[d] and replace[d]" by the revised Resolution enacted by the City Council three months earlier, on April 20, 2106. In so doing, the City Council was acting pursuant to

decisions, customs and policies of defendant HOMESTEAD and as its final policy-making authority.

70. The July 27th Decorum Policy, on its face, violates the Fifth Amendment due process right of any speaker or prospective speaker to appear before the Homestead City Council by authorizing the Mayor to determine that a speaker should be immediately and prospectively barred "from further audience before the [City C]ouncil" without providing any process: (i) as to how to challenge the Mayor's determination; and/or (ii) as to when, how or on what basis a prospectively barred speaker can seek to obtain "the majority vote of the council members present" granting him "permission to . . . again address the council" at some time in the future.

71. The enactment and posting of the July 27th Decorum Policy by and through defendant HOMESTEAD's final policy-making authority, i.e., its City Council, constituted deliberate indifference to McDONOUGH's due process rights under the Fifth Amendment.

72. Notwithstanding that the July 27th Decorum Policy had been "supersede[d] and replace[d]" by the revised Resolution enacted by the City Council three months earlier on April 20, 2106, the July 27th Decorum Policy was applied to McDONOUGH on July 27, 2016 and/or August 24, 2016, thereby causing McDONOUGH to be placed under an open-ended trespass order, which, in conjunction with the wording of the July 27th Decorum Policy, prospectively barred McDONOUGH from reappearing and speaking at any Homestead City Council meeting at any time in the future without any avenue of recourse.

73. The enactment and posting of the July 27th Decorum Policy, by and through Defendant HOMESTEAD's final policy-making authority, i.e., its City Council, was the primary moving force behind the application to McDONOUGH of the July 27th Decorum Policy to deprive McDONOUGH of his rights under the Fifth Amendment.

74. As a direct and proximate result of Defendant HOMESTEAD's decisions, customs and policies, McDONOUGH suffered damages from the denial of his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution and is accordingly entitled to relief under 42 U.S.C. §1983.

WHEREFORE, McDONOUGH is entitled to:

A. Compensatory damages for the physical and mental injuries suffered.

B. Reasonable expenses incurred in the litigation, including reasonable attorney and expert fee, pursuant to 42 U.S.C. §1988; and

C. Any other remedy the Court deems appropriate.

**Count IV- False Imprisonment**
**(State Tort against Defendant HOMESTEAD for actions on July 27, 2016)**

75. Plaintiff McDONOUGH realleges and incorporates herein by reference paragraphs 1-49.

76. This is a cause of action for common law false imprisonment, with damages in excess of fifteen thousand dollars, exclusive of costs and interest.

77. HOMESTEAD is responsible for the actions of its police officers employed by the HPD, while those officers are engaged within the course and scope of their employment.

78. On July, 2016, GARLAND WRIGHT and other HPD officers, while employed by defendant HOMESTEAD and acting in the course and scope of their duties, caused McDONOUGH to be physically restrained and detained, by removing him from the Council Chambers and City Hall,

79. McDONOUGH did not consent to physical restraint and detention by HPD officers, and their actions in doing so were taken against his will.

80. The actions of HPD officers in physically restraining and detaining McDONOUGH were unlawful and unreasonable in that those actions were taken:

15

(a)     without probable cause, or even reasonable suspicion, to believe that McDONOUGH had committed a crime;

(b)     without a warrant, or any other lawfully issued process;

(c)     even though the officers knew or had reason to know that McDONOUGH had not committed any crime;

(d)     even though the officers knew McDONOUGH's comments were not impertinent, slanderous, boisterous or unduly repetitive.

81.     As a direct and proximate result of the actions of officers of the HPD, while employed by HOMESTEAD and acting in the course and scope of their duties, McDONOUGH suffered both physical and mental injuries and is entitled to relief.

WHEREFORE, McDONOUGH is entitled to:

A. Compensatory damages for the physical and mental injuries he suffered;

B. Costs of this action; and

C. Any other remedy the Court deems appropriate.

**Count V - Violation of the First, Fourth and Fourteenth Amendments to the United States Constitution, Pursuant to 42 U.S.C. §1983**
**(Against Defendant GARLAND WRIGHT, individually, for Suppression of Speech on August 24, 2016)**

82.     Plaintiff McDONOUGH realleges and incorporates herein by reference paragraphs 1-49.

83.     This cause of action is brought by McDONOUGH against defendant GARLAND WRIGHT in his individual capacity for deprivation of McDONOUGH's constitutional rights within the meaning of 42 U.S.C. §1983.

84.     The constitutional rights at issue in this count are:

(a)     McDONOUGH's rights under the First Amendment to speak on matters of public interest and petition the government for redress of grievances, and to engage in those

constitutionally protected activities during public comment at Homestead City Council meetings without fear of punishment or retaliation against him by any government official for his doing so; and

    (b)    McDONOUGH's rights under the Fourth Amendment to be free from unreasonable seizures, and specifically to be free from physical restraint and detention imposed in response to his exercise of First amendment rights, without any probable cause to believe, or even reasonable suspicion, that he had committed a crime.

    85.    McDONOUGH, in speaking on matters of public interest during public comment at the Homestead City Council meeting on July 27, 2016, without disrupting or impeding the orderly conduct of the meeting, was exercising his rights under the First Amendment and was not engaging in any behavior or speech that could be considered impertinent, slanderous, boisterous or unduly repetitive nor deemed criminal or in any way support a determination of probable cause to believe, or even reasonable suspicion that, he was committing a crime.

    86.    In direct response to, and to punish and retaliate against, McDONOUGH for his exercise of his First Amendment rights during the July 27, 2016, City Council meeting and/or for later publishing an article critical of WRIGHT, Defendant WRIGHT, acting under color of state law, applied the July 27th Decorum Policy, not the revised Resolution, to McDONOUGH so as to prevent McDONOUGH from speaking before the City Council on August 24, 2016 and to eventually issue an open-ended trespass order, which, along with the operation of the express terms of the July 27th Decorum Policy, barred McDONOUGH from reappearing at any Homestead City Council meeting in the future.

    87.    As a direct and proximate result of defendant GARLAND WRIGHT's actions, McDONOUGH suffered damages from the denial of his constitutional rights under the First,

Fourth and Fourteenth Amendments to the United States Constitution and is accordingly entitled to relief under 42 U.S.C. §1983.

WHEREFORE, MCDONOUGH is entitled to:

A. Compensatory damages for the physical and mental injuries suffered;

B. Punitive damages;

C. Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988; and

D. Any other remedy the Court deems appropriate.

### Count VI- False Arrest
### (State Tort against defendant HOMESTEAD for actions on August 24, 2016)

88. Plaintiff MCDONOUGH realleges and incorporates herein by reference paragraphs 1-49.

89. On or about August 24, 2016, while acting in the course of their duties as police officers employed by HPD, Officers WRIGHT, MONACO, GARCIA and others, arrested McDONOUGH for disorderly conduct and trespass.

90. HOMESTEAD is responsible for the actions of its police officers employed by the HPD, while those officers are engaged within the course and scope of their employment.

91. The officers physically deprived McDONOUGH of his freedom and liberty both at the scene of the arrest and continuing at the Miami-Dade County Jail.

92. McDONOUGH did not consent to the arrest and deprivation of liberty by HPD officers and said actions were against the will of McDONOUGH.

93. The restraint and arrest of McDONOUGH by Officers WRIGHT, MONACO, GARCIA and other officers of the Homestead Police Department was unlawful and unreasonable as it was not based on probable cause or based upon lawfully issued process and was without a valid warrant.

18

94.     As a direct and proximate result of HPD's actions McDONOUGH suffered both physical and mental injuries and is entitled to relief.

Wherefore the Plaintiff is entitled to:

A. Compensatory damages for the physical and mental injuries suffered.

B. Costs of this action.

C. Any other remedy the Court deems appropriate.

**Count VII- False Arrest Violation of the Fourth and Fourteenth Amendments to the United States Constitution, Pursuant to 42 U.S.C. §1983**
**(Against Defendants WRIGHT, MONACO and GARCIA, individually, for false arrest on August 24, 2016)**

95.     Plaintiff McDONOUGH realleges and incorporates herein by reference paragraphs 1-49.

96.     On or about August 24, 2016, while acting under the color of state law as police officers employed by HPD, Defendants WRIGHT, MONACO and GARCIA arrested McDONOUGH for disorderly conduct and trespass.

97.     Defendants WRIGHT, MONACO and GARCIA physically deprived McDONOUGH of his freedom and liberty both at the scene of the arrest and continuing at the Miami-Dade County Jail.

98.     McDONOUGH did not consent to the arrest and deprivation of liberty by Defendants WRIGHT, MONACO and GARCIA and said actions were against the will of McDONOUGH.

99.     The restraint, search and arrest of McDONOUGH by Defendants WRIGHT, MONACO and GARCIA was unlawful and unreasonable as it was not based on probable cause or based upon lawfully issued process and was without a valid warrant.

100.    The restraint, search and arrest of McDONOUGH by Defendants WRIGHT, MONACO and GARCIA deprived McDONOUGH of his constitutional rights under the Fourth

and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures.

101.   As a direct and proximate result of the violation of McDONOUGH's constitutional rights by Defendants WRIGHT, MONACO and GARCIA McDONOUGH suffered both physical and mental injuries and is entitled to relief under 42 U.S.C. §1983.

Wherefore the Plaintiff is entitled to:

A.   Compensatory damages for the physical and mental injuries suffered.

B.   Punitive damages.

C.   Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988.

D.   Any other remedy the Court deems appropriate.

**Count VIII- False Arrest**
**(State Tort against defendant HOMESTEAD for actions on September 1, 2016)**

102.   Plaintiff McDONOUGH realleges and incorporates herein by reference paragraphs 1-49.

103.   On or about September 1, 2016, while acting in the course of their duties as police officers employed by HPD, Detective MATA and others, arrested McDONOUGH for cyberstalking and tampering with a witness.

104.   HOMESTEAD is responsible for the actions of its police officers employed by the HPD, while those officers are engaged within the course and scope of their employment.

105.   The officers physically deprived McDONOUGH of his freedom and liberty both at the scene of the arrest and continuing at the Miami-Dade County Jail.

106.   McDONOUGH did not consent to the arrest and deprivation of liberty by HPD officers and said actions were against the will of McDONOUGH.

107.    The restraint and arrest of McDONOUGH by Detective MATA and the Homestead Police Department was unlawful and unreasonable as it was not based on probable cause or based upon lawfully issued process and was without a valid warrant.

108.    As a direct and proximate result of HPD's actions McDONOUGH suffered both physical and mental injuries and is entitled to relief.

Wherefore the Plaintiff is entitled to:

A.  Compensatory damages for the physical and mental injuries suffered.

B.  Costs of this action.

C.  Any other remedy the Court deems appropriate.

**Count IX- Violation of the Fourth and Fourteenth Amendments to the United States Constitution, Pursuant to 42 U.S.C. §1983 (Against Defendants MATTA and MONACO, individually, for false arrest on September 1, 2016)**

109.    Plaintiff McDONOUGH realleges and incorporates herein by reference paragraphs 1-49.

110.    On or about September 1, 2016, while acting under the color of state law as police officers employed by HOMESTEAD, Defendants MATA and MONACO caused McDONOUGH to be arrested for cyberstalking and tampering with a witness.

111.    Defendants MATA and MONACO caused McDONOUGH to be physically deprived of his freedom and liberty both at the scene of the arrest and continuing at the Miami-Dade County Jail.

112.    McDONOUGH did not consent to the arrest and deprivation of liberty by Defendants MATA and MONACO and said actions were against the will of McDONOUGH.

113.    The restraint, search and arrest of McDONOUGH by Defendants MATA and MONACO was unlawful and unreasonable as it was not based on probable cause or based upon lawfully issued process and was without a valid warrant.

21

114. The restraint, search and arrest of McDONOUGH by Defendants MATA and MONACO deprived McDONOUGH of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures.

115. As a direct and proximate result of the violation of McDONOUGH's constitutional rights by Defendants MATA and MONACO, McDONOUGH suffered both physical and mental injuries and is entitled to relief under 42 U.S.C. §1983.

Wherefore the Plaintiff is entitled to:

A. Compensatory damages for the physical and mental injuries suffered.

B. Punitive damages.

C. Reasonable expenses incurred in the litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988.

D. Any other remedy the Court deems appropriate.

**Demand for Jury Trial**

Plaintiff McDONOUGH hereby demands a trial by jury on all issues triable as a matter of right.

Dated: March 22, 2019

Respectfully submitted,

Alan J. Greenstein, P.A.
8121 S.W. 138th St.
Palmetto Bay, Fl. 33158
Phone: 305- 772-7083
Fax: 305-938-5038
agreenstein004@hotmail.com

By:/s/ Alan Greenstein
ALAN GREENSTEIN
Florida Bar No. 237817